DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

|   |   |   |
|---|---|---|
| BANK OF AMERICA, NA,<br>a national banking association, as<br>successor in interest by merger to<br>Merrill Lynch Credit Corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>SHARON L. LOOPEKER,<br>PRAMCO II, LLC, CERTAIN<br>UNDERWRITERS AT LLOYD'S &<br>CO-SUBSCRIBING COMPANIES<br>SUBSCRIBING TO POLICY NO.<br>HOC73865391, ESTATES OF JUDITH'S<br>FANCY OWNERS' ASSOCIATION, INC.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 2011–0105 |

**Attorneys:**
**Justin K. Holcombe, Esq.,**
St. Thomas, U.S.V.I.
  *For the Plaintiff*

**Henry L. Fuerzeig, Esq.,**
St. Thomas, U.S.V.I.
  *For the Defendant Certain Underwriters at Lloyd's*
  *And Co-Subscribing Companies Subscribing to*
  *Policy No. HOC73865391*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

  THIS MATTER comes before the Court on Plaintiff Bank of America, NA's "Motion for Summary and Default Judgment" filed on December 23, 2012. (Dkt. No. 27). By way of this Motion, Bank of America ("Plaintiff" or "BOA") seeks Summary Judgment against Defendant Certain Underwriters at Lloyd's and Co-Subscribing Companies Subscribing to Policy No.

HOC73865391 ("Lloyd's Underwriters"), and Default Judgment against Defendants Sharon L. Loopeker ("Loopeker"), Estates of Judith's Fancy Owners' Association, Inc. ("Judith's Fancy"), and PRAMCO II, LLC ("Pramco") (collectively, the "Default Defendants"). Lloyd's Underwriters did not oppose the Motion for Summary Judgment. For the reasons discussed below, the Court will grant BOA's Motion against all Defendants.

## I. BACKGROUND

On November 23, 2011, Plaintiff Bank of America, N.A. ("Plaintiff" or "BOA") filed a Complaint for debt and foreclosure against the Defendants in this case. (Dkt. No. 1). On April 29, 2012, BOA filed an Amended Complaint. (Dkt. No. 13). The Amended Complaint alleged that, on April 8, 1999, Loopeker executed and delivered to Merrill Lynch Credit Corporation ("MLCC") a promissory note (the "Note") in which she promised to pay MLCC the principal amount of $200,000.00 (the "Principal") plus interest at the rate of 7.375% per annum, in monthly installments of $1,381.35. (Compl. at ¶ 10, Dkt. No. 13; Note, Dkt. No. 29-3 at 1). As security for the payment of the Note, Loopeker executed a mortgage to MLCC and/or MLCC's assigns, dated April 8, 1999 (the "Mortgage," Dkt. No. 29-4) encumbering the property described as:

> Plot No. 30, Estate Judith's Fancy,
> Northside, Company and Queen Quarter,
> St. Croix, US Virgin Islands,
> consisting of 1.0003 US acres, more or less
> as shown on PWD No. 753-H
> dated October 7, 1959

(the "Property")[1] (Mortgage, Dkt. No. 29-4 at 9). The Mortgage secures to MLCC the repayment of the sums due under the Note and the performance of Loopeker's covenants and agreements under the Mortgage and Note. (*Id.* at 1). The Mortgage was recorded in April 1999. (Compl., Dkt. No. 13, ¶ 13). MLCC merged with Bank of America, which now holds the Note and Mortgage. (*Id.* ¶ 14; Certificate of Merger, Dkt. No. 29-5).

The Amended Complaint alleges that Loopeker defaulted under the terms and conditions of the Mortgage in that monthly installments of principal and interest became due and were unpaid. (Compl., Dkt. No. 13, ¶¶ 15-17). BOA further alleges that it provided notice to Loopeker of its intent to foreclose by letter dated August 30, 2011 (Dkt. No. 29-6), but that Loopeker failed to cure her default. (Compl., Dkt. No. 13, ¶¶ 16-17).

As a result of the default, BOA elected that the entire principal with all unpaid accrued interest become immediately due and payable. (*Id.* ¶ 17). The terms of the Note and Mortgage obligate Loopeker to pay all reasonable attorney's fees and other expenses incurred by BOA to enforce payment of the Note. (*Id.* ¶ 19; Note, Dkt. No. 29-3, at ¶ 6E; Mortgage, Dkt. No. 29-4, at §§ 21, 23).

The Amended Complaint also describes the "junior liens" on the Property.[2] It alleges that, on March 26, 2002, Lloyd's Underwriters obtained a judgment from the District Court in the First Judicial District of the State of Idaho (the "Idaho Court") against Loopeker in the

---

[1] The Amended Complaint describes the Property as situated in "Company and Northside Quarters," omits the line "St. Croix, US Virgin Islands," and indicates that the Property was shown on PWD (Public Works Drawing) No. 753-5 rather than No. 753-H. (Dkt. No. 13, ¶ 5).

[2] Entities holding junior liens must be made defendants in a foreclosure lawsuit. Pursuant to Virgin Islands law, 28 V.I.C. § 532, "[a]ny person having a lien subsequent to the plaintiff upon the same property or any part thereof, or who has given a promissory note or other personal obligation for the payment of the debt or any part thereof, secured by the mortgage or other lien which is the subject of the action, shall be made a defendant in the action."

amount of $31,510.76. (Compl., Dkt. No. 13, ¶ 20; Judgment, Dkt. No. 29-7). On June 11, 2003, the Idaho Court entered an Amended Judgment in favor of Lloyd's Underwriters against Loopeker. (Compl., Dkt. No. 13, ¶ 21; Amended Judgment, Dkt. No. 29-8). While the Amended Judgment did not change the Judgment amount, the Court granted Lloyd's Underwriters an award of costs and attorney's fees of $5,574.00. (*Id.*; Dkt. No. 29-8 at 3). These Judgments were recorded in April 2002 and June 2003, respectively. (Compl., Dkt. No. 13, ¶¶ 20, 21).

In addition, the Amended Complaint alleges that, on September 19, 2009, Judith's Fancy recorded a "Notice of Estates of Judith's Fancy Owners' Association Inc. Assessment Lien" in the amount of $6,051.08, plus accruing charges, costs, and interest (the "Association Lien"). (Compl. Dkt. No. 13, ¶ 22; Association Lien, Dkt. No. 29-9).

The Amended Complaint also refers to a third lien on the Property. On January 14, 1996, Loopeker executed a mortgage on the Property to secure her obligation to pay the Government of the United States, Small Business Administration ("SBA"), the principal amount of $45,100.00 plus interest (the "1996 Mortgage"). (Compl. Dkt. No. 13, ¶ 23; 1996 Mortgage, Dkt. No. 29-10). On October 11, 1996, Loopeker and the SBA entered into an "Amendment to Mortgage and Statement of Additional Advance" (the "Amendment"). (Compl., Dkt. No. 13, ¶ 24; Amendment, Dkt. No. 29-11). The Amendment increased the 1996 Mortgage's principal amount to account for an additional advance of $15,600.00, and amended the total principal amount of the 1996 Mortgage to $60,700.00. *Id.* Both the 1996 Mortgage and the Amendment were recorded in 196. (*Id.*, ¶¶ 23, 24). On March 29, 1999, Loopeker and SBA entered into a Subordination Agreement (the "Subordination") in which SBA agreed that the 1996 Mortgage and Amendment would "remain at all times, and in all respects, junior to and subordinate to" the loan and Mortgage now held by BOA. (*Id.* ¶ 25; Subordination Agreement, Dkt. No. 29-12 at 2).

On May 8, 2001, SBA assigned LPP Mortgage Ltd. f/k/a Loan Participant Partners, Ltd. ("LPP") the 1996 Mortgage and Amendment (the "Assignment"). (*Id.*, ¶ 26, Dkt. No. 29-13). Then, on May 26, 2004, LPP and Pramco entered into an Assignment of Note, Mortgage and Other Loan Documents (the "Second Assignment"), which assigned to Pramco the 1996 Mortgage and Amendment. (Compl., Dkt. No. 13, ¶ 27; Second Assignment, Dkt. No. 29-14).

BOA seeks a judgment declaring, *inter alia,* the amount of the outstanding debt due on the Note and Mortgage, including principal, interest, late charges, costs, expenses and attorney's fees; judgment adjudicating the relative priority of liens, and declaring that the liens of Lloyd's Underwriters and Judith's Fancy are subordinate to BOA's lien; judgment foreclosing all recorded liens on the Property; and that, after sale of the Property, BOA be paid all amounts due on the Note from the remaining proceeds. (Compl., Dkt. No. 13 at 6-7).

Defendants Loopeker and Judith's Fancy did not respond to the Amended Complaint, and the Clerk of Court entered a default against them on July 6, 2012. (Dkt. No. 22). Pramco also failed to respond to the Complaint, and the Clerk of Court entered a default against it on October 4, 2012. (Dkt. No. 25). Lloyd's Underwriters filed an Answer to the First Amended Complaint on July 16, 2012. (Dkt. No. 23).

On December 23, 2012, BOA filed the instant Motion for Default Judgment against the Default Defendants, combined with a Motion for Summary Judgment against Lloyd's Underwriters (Dkt. No. 27); an accompanying Memorandum of Law (Dkt. No. 28); Statement of Undisputed Facts (Dkt. No. 29); and Declarations in Support of the Motion (Dkt Nos. 29-1, 29-15). According to the Declaration of Tanisha Thomas, an Assistant Vice President of PHH Mortgage Corp., BOA's servicing agent, who had oversight of the Loopeker loan, and who is familiar with the documents in this case, the total amount due to BOA as of November 19, 2012

5

was $367,362.85, with interest continuing to accrue at a per diem interest of $39.51 for each day after November 19, 2012 until paid, and late charges continuing to accrue at the rate of $69.05 per month. (Dkt. No. 29-1, ¶ 5). The total amount due was comprised of: principal balance of $195,545.34; accrued interest from August 1, 2001 to November 19, 2012 of $162,952.85; escrow advances of $5,223.45; late charges of $2,389.26; and property inspection expenses of $1,251.95. *Id.*

## II. APPLICABLE LEGAL PRINCIPLES

### A. Default Judgment

In a motion for default judgment, the Court accepts as true any facts contained in the pleadings regarding liability. Fed. R. Civ. P. 8(b)(6). Legal conclusions, however, are not deemed admitted, nor are the extent and amount of damages claimed by a party. *See DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 (3d Cir. 2005); Fed. R. Civ. P. 8(b)(6). Parties are not entitled to a default judgment as of right; instead, the matter is addressed to the sound discretion of the court. *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951).

A motion for default judgment must contain evidence, by affidavits and/or documents, of the following:

> "(1) the entry of default pursuant to Rule 55(a); (2) the absence of any appearance by any party to be defaulted; (3) that the defendant is neither an infant nor an incompetent [person]; (4) that the defendant has been validly served with all pleadings; (5) the amount of judgment and how it was calculated; (6) and an affidavit of non-military service in compliance with the Soldiers' and Sailors' Civil Relief Act."

*Bank of Nova Scotia v. Abdallah,* 2013 WL 5312399, at *5 (D.V.I. Sept. 23, 2013) (quoting *Idewu v. Sealey*, 2012 WL 944781, at *2 (D.V.I. Mar. 19, 2012)); *see also* Fed. R. Civ. P. 55(b); *Island Yacht Charters, Inc. v. Malgaglio,* 2009 WL 1507406, at *1 (D.V.I. May 28, 2009). Additionally, the Court must assess three factors when determining whether default judgment is

appropriate: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).

**B.     Summary Judgment**

Summary judgment is proper "where the pleadings, depositions, answers to interrogatories, admissions, and affidavits show there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Nicini v. Morra*, 212 F.3d 798, 805-06 (3d Cir. 2000) (en banc); *see also* Fed. R. Civ. P. 56(a). "Once the moving party points to evidence demonstrating no issue of material fact exists, the non-moving party has the duty to set forth specific facts showing that a genuine issue of material fact exists and that a reasonable factfinder could rule in its favor." *Ridgewood Bd. of Educ. v. N.E. ex rel. M.E.*, 172 F.3d 238, 252 (3d Cir. 1999). The non-moving party "must set forth specific facts showing a genuine issue for trial and may not rest upon mere allegations, general denials, or [ ] vague statements." *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 500 (3d Cir. 1991). To demonstrate that there is a genuinely disputed issue of fact, a party must cite to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" or demonstrate that the adverse party failed to prove that there is no question of fact. Fed. R. Civ. P. 56(c). A factual dispute is deemed genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In reviewing the evidence, the court may not weigh the evidence and must give the nonmoving party the benefit of all reasonable inferences. *Reedy v. Evanson*, 615 F.3d 197, 210 (3d Cir. 2010) (citations omitted).

Notwithstanding that Lloyd's Underwriters failed to respond to BOA's Motion for Summary Judgment, the Court may not simply grant BOA's Motion because "[t]he failure to respond to a motion for summary judgment does not automatically entitle the moving party to the relief sought." *Bates v. Laskiewicz*, 2012 WL 32936, at *2 (D.N.J. Jan. 6, 2012) (citing *Anchorage Assocs. v. V.I. Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990)). The moving party must show entitlement to such relief. *See* Fed. R. Civ. P. 56(e)(3) (providing that if a party fails to properly address an opposing party's factual assertions, the court may grant summary judgment "if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it[.]").

To succeed on a debt and foreclosure claim under Virgin Islands law, the plaintiff must show: (1) the debtor executed a promissory note and mortgage; and (2) the debtor is in default under the terms of the note and mortgage. *Thompson v. Florida Wood Treaters, Inc.,* 2009 WL 4730784, at *3 (D.V.I. Dec. 6, 2009) (citing *National Union Fire Ins. Co. v. Saunders*, 899 F. Supp. 452, 455 (C.D. Cal. 1993)). Once these two elements have been established, all that remains is for the mortgage holder to demonstrate that it is authorized to foreclose on the property mortgaged as security for the note. *Id.* (citing Am. Jur. 2d Mortgages § 633 (2008) (foreclosure requires valid mortgage, default on part of mortgagor, and foreclosure in compliance with terms of contract)).

### III. DISCUSSION

BOA has moved for default judgment as to Loopeker, Judith's Fancy, and Pramco, and summary judgment against Lloyd's Underwriters. (Dkt. No. 27). Having determined that all of the required elements have been met, default and summary judgment will be entered against the respective Defendants.

### A. Default Judgment Against Loopeker

With regard to Loopeker, BOA has properly shown that: (1) default was entered against Loopeker by the Clerk of Court (Dkt. No. 22); (2) Loopeker has not appeared; (3) Loopeker is neither an infant nor an incompetent person (Dkt. No. 29-15, ¶ 6); and (4) Loopeker has been validly served with all pleadings. (Dkt. No. 20).[3] In addition, BOA has properly shown the amount of judgment is for a sum certain; has shown how it was calculated (Dkt. No. 29-1); and has provided a status report from the Department of Defense Manpower Data Center verifying that Loopeker was not in active duty in any branch of the military, in compliance with the Soldiers' and Sailors' Civil Relief Act. (Dkt. No. 29-15).

The Court has also considered the *Chamberlain* factors and finds that the prejudice to BOA resulting from Loopeker's breach of her contractual obligations, together with the apparent absence of a litigable defense, weighs in favor of the Court granting default judgment. The documents establish that Loopeker executed the Note and Mortgage in this matter; BOA holds the Note and Mortgage; Loopeker has defaulted under the terms of both the Note and Mortgage

---

[3] The affidavit of service provides that the process server served "Don Templin –roommate" at Loopeker's residence in Dewey, Arizona. The relevant Arizona Rule of Civil Procedure provides:

> **(d) Service of Summons Upon Individuals.** Service upon an individual from whom a waiver has not been obtained and filed, other than those specified in paragraphs (e), (f) and (g) of this Rule 4.1, shall be effected by delivering a copy of the summons and of the pleading to that individual personally or by leaving copies thereof at that individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the pleading to an agent authorized by appointment or by law to receive service of process.

16 Arizona Revised Statutes, Rules of Civil Procedure, Rule 4.1. Based on the evidence provided, BOA complied with Arizona's rules for service on an individual, and Loopeker was properly served.

by, *inter alia*, failing to make timely payments of principal and interest as required by both documents; BOA gave Loopeker proper notice of the default and she failed to cure the default; and the language contained in both the Note and Mortgage authorizes BOA to accelerate the amounts due and owing upon default and to foreclose on the Property that serves as collateral for the loan. In addition, Loopeker's default was a result of her culpable conduct as evidenced by her refusal to respond to the Amended Complaint. *See World Ent'mt Inc. v. Brown*, 487 F. App'x 758, 762 (3d Cir. 2012) (finding that defendant engaged in culpable conduct by, *inter alia*, failing to respond to the complaint because such failure showed a willful disregard for plaintiff's legal communications); *Cohen v. Gabriel Enters., Inc.*, 2013 WL 1154847, at *5 (D.V.I. Mar. 21, 2013) (citing cases finding culpable conduct where defendants failed to answer complaint). Consequently, default judgment against Loopeker is appropriate.

### B. Default Judgment Against Judith's Fancy and Pramco

With regard to Judith's Fancy and Pramco, BOA has properly shown that: (1) default was entered against Judith's Fancy and Pramco by the Clerk of Court (Dkt. Nos. 22, 25); Judith's Fancy and Pramco have not appeared; and (3) Judith's Fancy and Pramco have been validly served with all pleadings. (Dkt. No. 17-Pramco; Dkt. No. 19-Judith's Fancy).

In the Virgin Islands, the priority of liens is determined by the timing of recordation. *See Balbo Corp. v. Enighed Condominiums, LLC*, 2013 WL 978976, at *3 (V.I. Super. Mar. 8, 2013). The record establishes that BOA recorded its lien in 1999 and Judith's Fancy recorded its lien in 2009. (Dkt. No. 29-9). BOA's lien therefore has priority over Judith's Fancy's lien.

Moreover, while the SBA mortgage—which was eventually assigned to Pramco in 2004—was recorded in 1996, the 1999 Subordination Agreement between SBA and Loopeker provided that SBA's (Pramco's) Mortgage would be subordinate to the first Priority Mortgage

held by MLCC (precursor to BOA). (Dkt. No. 29-12). Accordingly, BOA's lien is senior to that of Pramco.

The Court has also considered the *Chamberlain* factors and finds that the prejudice to BOA if default is denied is substantial, as the priority of liens could not otherwise be determined and the case could not be resolved. Further, the apparent absence of a litigable defense weighs in favor of default judgment. In addition, the default by Judith's Fancy and Pramco resulted from their failure to respond to the Amended Complaint. *See World Ent'mt Inc.,* 487 F. App'x at 762 (finding that defendant engaged in culpable conduct by, *inter alia*, failing to respond to the complaint because such failure showed a willful disregard for plaintiff's legal communications); *Cohen,* 2013 WL 1154847, at *5 (citing cases finding culpable conduct where defendants failed to answer complaint). Consequently, default judgment against Judith's Fancy and Pramco is appropriate.

## C. Summary Judgment Against Lloyd's Underwriters

BOA also moves for summary judgment against Lloyd's Underwriters, arguing that there is no genuine issue of material fact that BOA's lien, recorded in 1999, is senior to the lien of Lloyd's Underwriters, recorded in 2002 (Judgment) and 2003 (Amended Judgment). Lloyd's Underwriters did not file an opposition to BOA's Motion for Summary Judgment.

In view of the undisputed recordation dates, BOA has demonstrated that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law that its lien is senior to that of Lloyd's Underwriters. The Court will therefore grant summary judgment in favor of BOA on its claim of lien priority over Lloyd's Underwriters.

### D. Priority of Liens

The Court determines that the priority of liens on the Property is as follows: BOA has a first priority lien, as a result of the Subordination Agreement between Loopeker and SBA concerning the 1996 Mortgage on the Property. (Dkt. No. 29-12). The SBA loan was eventually assigned to Pramco, which has a second priority lien. (Dkt. Nos. 29-13, 29-14). Lloyd's Underwriters has a third priority lien, as the Judgments upon which the lien is based were recorded in 2002 and 2003; and Judith's Fancy has a fourth priority lien, as that lien was recorded in 2009.

### IV. CONCLUSION

BOA has demonstrated that it is entitled to default judgment on its debt and foreclosure claim against Defendant Sharon L. Loopeker. In addition, BOA is entitled to default judgment against Judith's Fancy and Pramco on the issue of the priority of the liens on the Property. (Dkt. No. 27). Accordingly, BOA's Motion for Default Judgment as to Loopeker, Judith's Fancy, and Pramco will be granted.

BOA has shown that it is entitled to summary judgment on the priority of its lien against Defendant Lloyd's Underwriters. Accordingly, the Motion for Summary Judgment as to Lloyd's Underwriters will be granted. (Dkt. No. 27).

The Court finds that BOA's Mortgage lien covering the Property is a first priority lien. Pramco's lien is second in priority; Lloyd's Underwriters' lien is third in priority; and Judith Fancy's lien is fourth in priority.

An appropriate Judgment and Order accompanies this Memorandum Opinion.

Date: December 10, 2013 
_____/s/_____
WILMA A. LEWIS
Chief Judge