DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

_____
                                    )
**BANK OF AMERICA, NA,**            )
a national banking association, as  )
successor in interest by merger to  )
Merrill Lynch Credit Corporation,   )
                                    )
       **Plaintiff,**         )
                                    )
       v.                     )   Civil Action No. 2011–0105
                                    )
**SHARON L. LOOPEKER,**             )
**PRAMCO II, LLC, CERTAIN**         )
**UNDERWRITERS AT LLOYD'S &**       )
**CO-SUBSCRIBING COMPANIES**        )
**SUBSCRIBING TO POLICY NO.**       )
**HOC73865391, ESTATES OF JUDITH'S**)
**FANCY OWNERS' ASSOCIATION, INC.,**)
                                    )
       **Defendants.**        )
_____ )

**Attorneys:**
**Justin K. Holcombe, Esq.,**
St. Thomas, U.S.V.I.
    *For the Plaintiff*

**Henry L. Fuerzeig, Esq.,**
St. Thomas, U.S.V.I.
    *For the Defendant Certain Underwriters at Lloyd's*
    *And Co-Subscribing Companies Subscribing to*
    *Policy No. HOC73865391*

## JUDGMENT AND ORDER

**UPON CONSIDERATION** of the "Motion for Summary and Default Judgment," filed by Plaintiff Bank of America, N.A. ("Bank of America") on December 23, 2012 (Dkt. No. 27), the entire record herein, and for the reasons stated in the accompanying Memorandum Opinion filed contemporaneously herewith, it is hereby

**ORDERED, ADJUDGED AND DECREED** that Bank of America's Motion for Summary Judgment against Defendant Certain Underwriters at Lloyd's and Co-Subscribing Companies Subscribing to Policy No. HOC73865391 ("Lloyd's Underwriters") is **GRANTED**; and it is further

**ORDERED, ADJUDGED AND DECREED** that Bank of America's Motion for Default Judgment against Defendants Sharon L. Loopeker ("Loopeker"); PRAMCO II, LLC ("Pramco"), and Estates of Judith's Fancy Owners' Association, Inc. ("Judith's Fancy"), is **GRANTED;** and it is further

**ORDERED, ADJUDGED AND DECREED** that Bank of America has a first priority lien on the Property, described in the Memorandum Opinion as

> Plot No. 30, Estate Judith's Fancy,
> Northside, Company and Queen Quarter,
> St. Croix, US Virgin Islands,
> consisting of 1.0003 US acres, more or less
> as shown on PWD No. 753-H
> dated October 7, 1959,

and it is further

**ORDERED, ADJUDGED AND DECREED** that Pramco's lien is second in priority; Lloyd's Underwriters' lien is third in priority; and Judith's Fancy's lien is fourth in priority; and it is further

**ORDERED, ADJUDGED AND DECREED** that Bank of America is awarded final judgment against Defendant Sharon L. Loopeker in the principal amount of $195,545.34; plus accrued interest in the amount of $162,952.85 from August 1, 2001 through November 19, 2012; plus escrow advances in the amount of $5,223.45; plus accumulated late charges in the amount of $2,389.26; plus property inspection expenses in the amount of $1,251.95; for a total indebtedness of $367,362.85; and it is further

**ORDERED, ADJUDGED, AND DECREED** that such indebtedness shall accrue interest in the amount of $39.51 per diem from November 20, 2012, until the date of entry of this Judgment, and late charges will continue to accrue at the rate of $69.05 per month from December 2012 until the date of entry of this Judgment. Thereafter, interest will accrue at the statutory rate of four percent (4.000%) per annum from the date of entry of this Judgment until this Judgment is satisfied; and it is further

**ORDERED, ADJUDGED AND DECREED** that Bank of America may seek an award of reasonable attorney's fees and costs to be determined upon appropriate application filed with the Court at any time prior to entry of an Order confirming the sale of the Property; and it is further

**ORDERED, ADJUDGED AND DECREED** that Bank of America's Mortgage dated April 8, 1999 and all other liens subsequent or inferior to Bank of America's Mortgage are hereby **FORECLOSED**; and it is further

**ORDERED, ADJUDGED AND DECREED** that Defendant Sharon L. Loopeker and her successor, assigns, and all persons claiming from or under her shall be forever barred and foreclosed from all rights of redemption and claims to the Property except for statutory redemption rights in accordance with V.I. Code Ann. Tit. 28, § 535; and it is further

**ORDERED, ADJUDGED AND DECREED** that the Property shall be sold by the U.S. Marshal according to law at a judicially supervised sale and that the proceeds of such sale shall be applied first to the expenses associated with any sale, including but not limited to the costs of publication and the commission assessed by the United States Marshal's Service pursuant to 28 U.S.C. § 1921, and then toward satisfaction of this judgment in favor of Bank of America, including any costs and attorney's fees that may be awarded upon application and any sums that may be paid by Bank of America for insurance premiums, taxes, and expenditures necessary to

maintain the Property pending sale, with interest from the date of any such payment; and it is further

**ORDERED, ADJUDGED AND DECREED** that any surplus remaining after the application of the proceeds as provided above, shall be paid to the junior lienholders in the order of priority set forth above and, if there is any surplus after all lienholders have been paid, those funds shall be distributed in accordance with 5 V.I.C. § 489; and it is further

**ORDERED, ADJUDGED AND DECREED** that time is of the essence for the payment of all amounts in connection with the Marshal's Sale; and it is further

**ORDERED, ADJUDGED AND DECREED** that:

1. Pursuant to 5 V.I.C. § 484, notice of the Marshal's Sale shall be posted for four weeks prior to the sale in a public place in or near the Office of the Clerk of Court; and published once a week for at least four consecutive weeks prior to the sale in a newspaper regularly issued and of general circulation in the U.S. Virgin Islands. The notice shall describe the Property as set forth above and shall contain the terms and conditions of sale as set forth herein.

2. The terms and conditions of the sale shall be as follows:

    a. The Property shall be seized and sold at public sale at the Office of the U.S. Marshal, 3013 Estate Golden Rock, Federal Building, Christiansted, St. Croix, U.S. Virgin Islands, in accordance with 28 U.S.C. §§ 2001 and 2002;

    b. Bank of America may bid a credit against its Judgment and interest thereon, plus any costs, fees, and expenses, without tender of cash;

    c. The terms of sale as to all other persons or parties bidding shall be bank check, money order, or other certified funds. The successful bidder shall be required to deposit with the United States Marshal cash equal to ten percent (10%) of the bidder's total bid at

or before 5:00 p.m. on the date of sale; and the remaining ninety percent (90%) of said purchase price shall be paid on or before 5:00 p.m. within thirty (30) days, inclusive, of the date of sale;

    d. The successful bidder shall be responsible for the payment of stamp taxes, recording fees, and related charges associated with obtaining and recording a deed to the Property;

    e. The United States Marshal shall make her report of sale within ten (10) days from the date of sale.

    f. If no objections have been filed in writing with the Clerk of Court by 10:00 a.m. within fifteen (15) days, inclusive, from the date of sale, the sale shall be confirmed upon motion of Bank of America or the purchaser.

3. Bank of America shall have any and all writs necessary to execute the terms of this Judgment; and it is further

**ORDERED, ADJUDGED AND DECREED** that Sharon L. Loopeker shall be liable to Bank of America for any deficiency remaining after sale of the Property; and it is further

**ORDERED, ADJUDGED AND DECREED** that copies of this Judgment shall be directed to the Parties' counsel of record, and shall be served by the U.S. Marshal on Sharon L. Loopeker.

    **SO ORDERED.**

Date:  December 10, 2013                    _____/s/_____
                                                               WILMA A. LEWIS
                                                               Chief Judge