DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

|  |  |
|---|---|
| BANK OF AMERICA, NA, <br> a national banking association, as <br> successor in interest by merger to <br> Merrill Lynch Credit Corporation, <br><br> Plaintiff, <br><br> v. <br><br> SHARON L. LOOPEKER, <br> PRAMCO II, LLC, CERTAIN <br> UNDERWRITERS AT LLOYD'S & <br> CO-SUBSCRIBING COMPANIES <br> SUBSCRIBING TO POLICY NO. <br> HOC73865391, ESTATES OF JUDITH'S <br> FANCY OWNERS' ASSOCIATION, INC., <br><br> Defendants. | Civil Action No. 2011–0105 |

**Attorneys:**
**Justin K. Holcombe, Esq.,**
St. Thomas, U.S.V.I.
    *For Plaintiff*

**Henry L. Fuerzeig, Esq.,**
St. Thomas, U.S.V.I.
    *For Defendant Certain Underwriters at Lloyd's*
    *And Co-Subscribing Companies Subscribing to*
    *Policy No. HOC73865391*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

    THIS MATTER comes before the Court on the Motion for Award of Costs and Attorneys' Fees filed on April 24, 2015 by Plaintiff Bank of America, NA ("Bank of America" or the "Bank"). (Dkt. No. 38). Bank of America seeks $14,792.00 in attorney's fees and $2,303.60 in compensable costs, for a total amount of fees and costs of $17,095.00. For the reasons that follow, the Court will grant in part and deny in part the Bank's Motion.

## I.   BACKGROUND

On November 23, 2011 Bank of America filed its original Complaint for debt and foreclosure in this matter and, on April 29, 2012, an Amended Complaint against Defendants Sharon L. Loopeker; PRAMCO II, LLC; Certain Underwriters at Lloyd's and Co-Subscribing Companies Subscribing to Policy No. HOC73865391 ("Lloyd's"); and Estates of Judith's Fancy Owners' Association, Inc. ("Judith's Fancy"). (Dkt. No. 13). In December 2012, Bank of America filed a Motion for Summary Judgment against Lloyd's and a Motion for Default Judgment against Loopeker, Pramco II, and Judith's Fancy. (Dkt. No. 27). In December 2013, the Court issued a Memorandum Opinion (Dkt. No. 31) and Judgment and Order (Dkt. No. 32) granting Bank of America's Motion for Summary Judgment against Lloyd's, and granting the Bank's Motion for Default Judgment against Loopeker, Pramco II, and Judith's Fancy. The Judgment provided, *inter alia*, that Bank of America could "seek an award of reasonable attorney's fees and costs to be determined upon appropriate application filed with the Court at any time prior to entry of an Order confirming the sale of the Property." (Dkt. No. 32 at 3). The Bank has now filed such a Motion.

Attached to the Motion is an Affirmation by Justin K. Holcombe, Esq. in support of costs and attorney's fees. (Dkt. No. 38-1). In the Affirmation, Attorney Holcombe, Of Counsel with the law firm of Dudley, Topper, and Feuerzeig, LLP, who was primarily responsible for litigating this matter on behalf of Bank of America, averred that he and legal assistants Daisy Williams, Leslie Bush, Charlene Wilhelmsen, and Denise Richards, worked on this matter. Attorney Holcombe's hourly billing rate was originally $250.00 per hour, which rose to $255.00 per hour in July 2012. Ms. Williams' billing rate was $130.00 per hour, and Ms. Bush's, Ms. Wilhelmsen's, and Ms. Richards' billing rate was $140.00 per hour. Attorney Holcombe billed a total of 44.80 hours, and the Legal Assistants billed a total of 26.20 hours, for a total of 71.0 hours. Attorney Holcombe attached the billing records—a Matter Ledger Report—from August 24, 2011 through November 28, 2014 which described the services rendered together with the date, who performed the service,

the amount of time expended, and the amount billed. (Dkt. No. 38-1). Attorney Holcombe stated that $14,792.00 in attorney's fees and $2,303.60 in costs were generated, for a total amount of $17,095.60 in attorney's fees and costs. *Id.*

## II. DISCUSSION

Title 5 of the Virgin Islands Code, Section 541(b), governs the award of attorney's fees in the Virgin Islands. The statute states, in pertinent part: "The measure and mode of compensation of attorneys shall be left to the agreement, express or implied, of the parties . . . ." 5 V.I.C. § 541(b).

Under the terms of the Mortgage, the Bank is "entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph . . . , including, but not limited to, reasonable attorneys' fees and costs of court." (Dkt. No. 29-4, ¶ 21). The Mortgage also provides that it is "governed by federal law and the law of the jurisdiction in which the Property is located." *Id.* ¶ 15. Because the Property is located in the Virgin Islands, the Court will look principally to the body of case law interpreting 5 V.I.C. § 541(b)—governing attorney's fees—in assessing what attorney's fees may be "reasonable." *Flagstar Bank, FSB v. Rivers*, 2014 WL 1101859, at *4 (D.V.I. Mar. 18, 2014).

"'To determine a fair and reasonable award of attorneys' fees [under § 541(b)], the Court considers factors including the time and labor involved, skill required, customary charges for similar services, benefits obtained from the service and the certainty of compensation." *Flagstar Bank, FSB v. Rivers*, 2014 WL 1101859, at *4 (D.V.I. Mar. 18, 2014) (quoting *Staples v. Ruyter Bay Land Partners, LLC*, 2008 WL 413308, at *1 (D.V.I. Feb. 6, 2008) (citing cases)). The Court undertakes a two-step inquiry when examining the reasonableness of attorney's fees. First, the Court determines whether the hours billed were "reasonably expended," excluding time billed that is "excessive, redundant, or otherwise unnecessary." *Id.* (quoting *Berne Corp. v. Gov't of Virgin Islands*, 2012 WL 369535 at *10 (D.V.I. Feb. 3, 2012) (quoting *Pub. Interest Research Group of N.J., Inc. v. Windall*, 51 F.3d 1179, 1188 (3d Cir. 1995)). Second, the Court determines whether

3

the hourly rate sought is reasonable, in comparison to prevailing market rates in the relevant community "for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id.* (quoting *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990)); *see also Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 180 (3d Cir. 2001); *Berne Corp.*, 2012 WL 369535 at *10.

Bank of America seeks $14,792.00 in attorney's fees as compensation for 71.00 hours of work billed in this matter. The amount billed and hours expended are much higher than typical amounts this Court has awarded in relatively routine summary and default judgment debt and foreclosure cases. *See, e.g., Bank of Nova Scotia v. Abdallah,* 2013 WL 1846544, at *6-8 (D.V.I. May 2, 2013) (awarding $7,755.88 in attorney's fees and costs of $1,290.00, totaling $9,045.88); *Bank of Nova Scotia v. Christian,*12-cv-006 (D.V.I. July 30, 2015) (awarding $4,916.20 in attorney's fees and $997.00 in costs, totaling $5,319.20).

On December 22, 2015, the Court issued an Order requiring Bank of America to set forth legal authority pursuant to which it sought compensation for the fees of legal assistants, and factual support for what a reasonable hourly rate for legal assistants in this jurisdiction would be if such fees were compensable. (Dkt. No. 41). On December 30, 2015, Bank of America filed a "Notice Regarding Withdrawal of Request for Paralegal Fees," in which it stated that it decided to withdraw the 26.2 hours of fees charged for legal assistants—totaling $3,478.00—from its motion, thereby rendering the issue moot. (Dkt. No. 42).[1] Accordingly, the Court will review the reasonableness of the 44.80 hours of attorney time, totaling $11,314.00 billed in this case.

The billing history in this case reflects attorney time that the Court finds excessive and unnecessary, and therefore unreasonable. For example, $1,425 (5.7 hours of work) was billed for

---

[1] Bank of America cited Virgin Islands cases that reimbursed paralegal fees, but did not cite any cases that reimbursed fees for legal assistants. (Dkt. No. 42).

drafting the original Complaint, while $1,300.00 (5.2 hours of work) was billed for drafting the Amended Complaint.[2] The most significant changes to the Amended Complaint involved adding a new paragraph concerning Loopeker's Subordination Agreement with the U.S. Small Business Administration, and changes reflecting that Pramco held a junior lien rather than a senior lien on the property. Such changes do not warrant billing almost the same amount of time to draft the Amended Complaint as was needed to draft the original Complaint.

In addition, $4,013.50 (11.9 attorney hours) was billed for drafting the Motion for Default and Summary Judgment.[3] The memorandum consisted of a four-page discussion section. There was a two-page declaration by the servicing agent, and a seven-page Statement of Facts which referred to the pertinent documents supporting the allegations. The Court finds the time spent and amount billed to be excessive, given the relative simplicity of the issues involved and the fact that the Bank's Motion was virtually unopposed. Such excessive billing is also reflected in other areas of the Matter Ledger Report, which is replete with reviews of documents and e-mails, status updates, and time spent organizing service of process and other routine tasks.

The Court also questions whether some of the time is properly billed to this case. The billing entries begin in August 2011, but the complaint in this case was not filed until November 2011.[4] This may not be particularly unusual, except for a September 16, 2011 entry that indicates there was a "former case" and an entry on November 7, 2011 indicating that a decision was made

---

[2] The entries for drafting the Complaint are November 21, 22, and 23, 2011, and the entries for drafting the Amended Complaint are March 7, 12, and 20, 2012. (Dkt. No. 38-1).

[3] The entries for drafting the Motion for Summary and Default Judgment are: October 22, 2012; November 7, 9, 15, 16, and 17, 2012; and December 4, 5, 6, 11, 12, 17, 21 and 23, 2012. (Dkt. No. 38-1).

[4] The billing entries between August 24, 2011 and November 7, 2011 generally relate to compiling and reviewing file documents, e-mail correspondence with the client, and executing lien and title searches.

to "file new federal case." Thus, it is unclear whether some or all of the entries prior to and including November 7, 2011—totaling $1,625.00 in attorney billings—are for work in the "former case." In addition, some entries in the Matter Ledger Report after November 21, 2011 refer to a "duplicate" but otherwise undescribed Superior Court case, although work was billed to this case. While the post-November 21 amount billed is small—$125.50—it, together with the pre-November 7 billing, raises questions as to whether work done in a Superior Court case was improperly billed to this case, and whether some or all of the billing before November 2011 was related to this case or the former case.[5]

With regard to the second step of assessing the reasonableness of attorney's fees— whether the hourly rate sought is reasonable—Virgin Islands courts "have generally concluded that a reasonable hourly rate in this jurisdiction spans from $125 to $300 per hour." *Anthony on Behalf of Lewis v. Abbott*, 2012 WL 2752154, at *3 (D.V.I. July 9, 2012) (citing cases). The Court concludes that the highest hourly rate of $255.00 charged by Attorney Holcombe is reasonable and falls within the scope of rates for such services.

In view of the excessiveness of the attorney's fees sought, and the attorney's fees typically awarded for routine debt and foreclosure matters of this nature, the Court will reduce the $11,314.00 in requested fees by forty-five percent across the board, or $5,091.30, and will award attorney's fees of $6,222.70, which it finds is reasonable and is more in line with summary and default judgment awards in this Court in routine debt and foreclosure actions.

---

[5] The post-November 21, 2011 entries referring to the Superior Court or duplicate litigation are December 2, and 21, 2011, March 19, 2012, and January 14, 2014. (Dkt. No. 38-1).

Bank of America is also seeking reimbursement of $2,303.60 for "compensable costs." The $2,303.60 figure represents a reimbursement request for filing fees, process server fees, recording fees, attachment fees, and publication fees. (Dkt. No. 38-1).[6]

As indicated above, the Mortgage provides that the Bank is "entitled to collect all expenses incurred" in pursuing foreclosure remedies. (Dkt. No. 29-4, ¶ 21). Here too, because the Mortgage is "governed by federal law and the law of the jurisdiction in which the Property is located," *id.* ¶ 15, the Court will look to Virgin Islands law for guidance in determining appropriate costs and expenses.

Title 5, Section 541(a) defines what costs are "allowed in a civil action."[7] "Expenses" are not defined by statute, nor are they defined in the Mortgage or other loan documents.[8]

In order for costs to be reimbursed, they must be reasonable. *See Creative Minds, LLC v. Reef Broadcasting, Inc.,* 2014 WL 4908588, at *1 (V.I. Super. Sept. 24, 2014) (opining that prevailing party in civil action may "recover reasonable costs and attorney's fees" under statute). Similarly, in order for expenses (under the contract) to be reimbursed, they must also be reasonable. *See Rainey v. Hermon*, 2011 WL 4738534, at *6 (V.I. Oct. 6, 2011) (enforcing the

---

[6] Although the Ledger Report indicates costs of $41.32 for postage, the Bank does not seek reimbursement for these costs, which, as it apparently recognizes, are not compensable. *See Creative Minds, LLC v. Reef Broadcasting, Inc.,* 2014 WL 4908588, at *1 (V.I. Super. Sept. 24, 2014) (observing that "overhead costs" such as photocopies, telephone calls, and regular postage are not compensable under § 541).

[7] The costs allowed under Virgin Islands law are: "(1) Fees of officers, witnesses, and jurors; (2) Necessary expenses of taking depositions which were reasonably necessary in the action; (3) Expenses of publication of the summons or notices, and the postage when they are served by mail; (4) Compensation of a master as provided in Rule 53 of the Federal Rules of Civil Procedure; (5) Necessary expenses of copying any public record, book, or document used as evidence on the trial; and (6) Attorney's fees as provided in subsection (b) of this section." 5 V.I.C. § 541(a).

[8] The Supreme Court of the Virgin Islands has opined that costs and expenses do not cover the same outlays of funds in a case. *Terrell v. Coral World,* 55 V.I. 580, 591 n.14, 2011 WL 3492575 (V.I. July 20, 2011).

terms of a contract, even for legal fees and administrative costs, "unless the fee is unreasonable."); Rule 211.1.5 of the Virgin Islands Rules of Professional Conduct, adopted by the Supreme Court of the Virgin Islands, effective February 1, 2011 (providing that fees and expenses awarded in the Virgin Islands must be "reasonable").

In view of the foregoing, the Court will look to Virgin Islands case law for guidance on what costs and expenses are "reasonable" and therefore allowed. Although Bank of America has requested reimbursement for "compensable costs," none of the items fit within the statutory definition of "costs." Rather, the items are properly considered expenses under the contract.

The Court finds that expenses related to service of process, filing, recording, attachment and publication are reasonable under the contract and will be allowed. *See, e.g.*, *Equivest St. Thomas, Inc. v. Gov't of Virgin Islands*, 46 V.I. 447, 2004 WL 3037953 at *9–*10 (D.V.I. Dec. 31, 2004) (finding filing fees, process service fees, transcript purchase fees, witness fees, and travel expenses to be "reasonable expenses which are normally charged paying clients."). The Court will thus award the requested total of $2,303.60 in expenses.

Accordingly, the Court will award a total amount of attorney's fees and costs of $8,526.30.

### III.  CONCLUSION

For the reasons discussed above, the Court will grant in part and deny in part Bank of America's Motion for Attorney's Fees. (Dkt. No. 38).

The Court will award $6,222.70 in attorney's fees and $2,303.60 in expenses from August 24, 2011 through November 28, 2014, totaling $8,526.30.

An appropriate Order accompanies this Memorandum Opinion.

Date: January 13, 2016 _____/s/_____
WILMA A. LEWIS
Chief Judge